**Coy PHELPS, Petitioner—Appellant,**

v.

**UNITED STATES of America, Respondent—Appellee.**

**No. 04–16707.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 11, 2005.

Coy Phelps, #78872–011, Federal Prison (Butner), Butner, NC, pro se.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

**MEMORANDUM ***

Coy Phelps, an insanity acquitee committed to hospitalization under 18 U.S.C. § 4243, appeals pro se the district court's order dismissing his habeas corpus petition seeking reevaluation for release. In *United States v. Phelps*, 283 F.3d 1176 (9th Cir.2002), this court vacated the district court's order releasing Phelps on the ground that the hospital director did not certify, as required by 18 U.S.C. § 4243(f), that his mental status justified conditional release, nor did the director certify that the conditions of release were appropriate. *Id.* at 1184. This court remanded for the district court to enter an order that Phelps be rehospitalized. *Id.* at 1187. The district court did so. Phelps later filed his habeas petition seeking reevaluation. The district dismissed the petition with instructions that under *Phelps*, there are two ways to commence release proceedings: (1) the filing of a motion under 18 U.S.C. § 4247(h) for a hearing to determine whether the person should be discharged; or (2) the institution of proceedings in compliance with 18 U.S.C. § 4243(f), which requires the hospital director to file a certificate that release is appropriate. The district court's interpretation of *Phelps* was correct. *See id.* at 1183 n. 8, 1187.

Phelps contends that a habeas petition was appropriate because under 18 U.S.C. § 4247(g), he may challenge the legality of his detention by way of habeas. This contention lacks merit because his petition sought reevaluation of his mental status, not a finding that his detention was illegal.[1]

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Phelps' request that we order Judge Patel to recuse herself is denied.

We AFFIRM the district court's judgment.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.